JULY TERM, 1882, No. 224.                    JANUARY 17, 1883.

## McLean *v.* McCaffrey *et al.*

Where a landlord made a lawful and regular distress upon the goods of his tenant, for rent in arrear, and on the fifth day afterwards the appraisement was made and the goods advertised for sale ; *Held,* that the landlord and his bailiff did not become trespassers, *ab initio,* by reason of the premature appraisement, although a subsequent sale would have been illegal, and they would thereby have become trespassers.

[McLean *v.* McCaffrey *et al.*]

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to Court of Common Pleas, No. 1, of *Philadelphia County.*

*Replevin* for goods distrained for rent in arrear, by John N. McLean against John McCaffrey, landlord, and Charles Bregler, bailiff.

Upon the trial in the court below, the following facts appeared:

That the rent being due, the defendant distrained upon certain goods of the plaintiff on January 5, 1881; that the appraisement was made on January 10, 1881, and that the goods were advertised to be sold on January 16, 1881. On January 14, 1881, this writ of replevin was issued and the goods delivered thereunder to the plaintiff.

The plaintiff presented the following point of charge:

The learned Court is requested, by the plaintiff, to charge the jury that if they find that the levy or distraint was made on January 5, and the appraisement was made on January 10, that then the proceedings were irregular, and that the defendants became trespassers, *ab initio*, and their verdict should be for the plaintiff.

The Court refused so to charge, and reserved the point for the court in banc.

January 22, 1882.—Verdict for defendant: Rent in arrear, $265 60; value of goods, $245.

July 1, 1882.—Judgment for defendant on point reserved.

Plaintiff then took out a writ of error, and assigned as error the refusal of the Court to charge the jury as requested, and the entry of judgment for defendants on the point of law reserved.

*Arthur C. Selden* for plaintiff in error.

An appraisement cannot be made until after the expiration of the fifth day from the day of distress. If made on the fifth day, a sale under it renders the landlord a trespasser, *ab initio:* Brisben *v.* Wilson, 60 Penn'a, 452. The trespass was complete on the day after the appraisement, and no sale is necessary to complete it.

*Frank M. Riter* and *J. Levering Jones* for defendants in error.

The distress was a valid one. The irregularity of the appraisement did not make the distress inoperative: Act 21 Mch., 1772, Purd. Dig., p. 878, sec. 10. The landlord

has no right to sell until he complies with certain prelim-
inaries : Woglam *v.* Cowperthwaite, 2 Dall., 68.   A sale
after an irregular appraisement would have been void,
but no trespass is committed until he actually sells :   Mc-
Kinney *v.* Reader, 6 Watts, 40.

The cases of Kerr *v.* Sharp, 14 S. & R., 399 ; Brisben *v.*
Wilson, 10 P. F. Sm., 452, and Richards *v.* McGrath, 40
Leg. Int., 6, merely decide that an irregular sale under a
distress makes a landlord a trespasser, *ab initio.*

In making the appraisement within five days no act of
trespass was committed.   By a distraint, the tenant loses
his control over the goods, which, constructively and ac-
tually, pass to the landlord, who can remove them or put
a person in charge of them.   Therefore, he commits no
trespass by appraising them :   Bannister *v.* Hyde, 2 Ellis
& Ellis, 627 ; Cox *v.* Painter, 7 C. & P., 767 ; Woods *v.*
Durrant, 16 ; M. & W., 158 ; Eagleton *v.* Gutteridge, 11 M.
& W., 465 ; Hutchins *v.* Chambers, 1 Burr, 589.

JANUARY 29, 1883.—PER CURIAM : The appraisement
made on the fifth day from the day of the distress was
premature.   A subsequent sale of the property would
have been illegal, and the defendants would thereby have
become trespassers.   No trespass was committed at the
time the distress was made.   The rent was then due and
unpaid.   The property was distrained in a lawful and
regular manner.   Without any sale being made, and
merely by reason of the premature appraisement, the de-
fendants did not become trespassers, *ab initio.*   The judg-
ment on the reserved point was, therefore, right.

Judgment affirmed.